

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2006

# USA v. Hodge

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hodge" (2006). *2006 Decisions.* Paper 563.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/563

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 05-3443

UNITED STATES OF AMERICA

v.

ALEX HODGE,

Appellant

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 99-cr-00066)
District Judge: Hon. Raymond L. Finch, Chief Judge

Argued May 11, 2006

BEFORE: FISHER, COWEN and ROTH,* Circuit Judges

(Filed: August 21, 2006)

Natalie N. Tang How, Esq.
27 & 28 King Cross Street
Christiansted, St. Croix
USVI, 00820

_____

*The Honorable Jane R. Roth assumed senior status on May 31, 2006.

Richard F. Della Fera, Esq. (Argued)
Entin, Margules & Della Fera
110 Southeast 6th Street
Suite 1970
Fort Lauderdale, FL 33301

       Counsel for Appellant

Denise A. Hinds-Roach, Esq. (Argued)
Office of the United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
USVI, 00820

       Counsel for Appellee

---

OPINION

---

COWEN, <u>Circuit Judge</u>.

Defendant Alex Hodge appeals his conviction and sentence contending that there was insufficient evidence for a jury to find that he possessed more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and that the District Court erred by failing to consider his argument about the sentencing disparities between crack cocaine and powder cocaine.  We will affirm.

I.

Because the parties are familiar with the facts, we only briefly recite them here. On July 19, 1999, government agents were conducting surveillance on King Street and observed Hodge and a known drug dealer talking.  The agents saw Hodge reach into his pants to retrieve something and believed that Hodge was about to consummate a drug

2

transaction. When the agents approached Hodge, he ran and threw away plastic bags retrieved from the front of his pants. After the agents subdued Hodge, they found two plastic bags containing 25.8 grams of crack cocaine. The agents arrested Hodge and obtained a warrant to search his home. Agents searched Hodge's bedroom and found 14.5 grams of crack cocaine hidden in a man's bathrobe and 9.1 grams of marijuana in a man's shirt pocket. In the kitchen, the agents discovered three plastic bags in a cupboard containing 391.7 grams of cocaine base and 80.1 net grams of powder cocaine. They also found an Ohause scale and a police scanner.

Hodge was indicted in the District Court of the Virgin Islands. Among other offenses, count two charged him with possession and an intent to distribute over 5 grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); count four charged him with possession and an intent to distribute over 50 grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); count five charged him with possession and an intent to distribute over 50 grams of a mixture substance containing cocaine base within one thousand feet of a public school in violation of 21 U.S.C. §§ 860 and 841(a)(1) and (b)(1)(A)(iii); and count six charged him with possession of marijuana in violation of 21 U.S.C. § 844(a).

After a jury trial, Hodge was found guilty of counts four, five, and six for the drugs found at his home within 1000 feet of a school. He was found not guilty of count two for the drugs seized after the King Street arrest. During the sentencing hearing, Hodge

3

argued that the sentencing guidelines imposed disparate sentences for crack cocaine and powder cocaine. He asserted that the quantity of crack to cocaine ratio of 100:1 was unjust and that the court should adopt the sentencing commission's proposed 10:1 ratio instead. He requested that he be sentenced to the minimum mandatory of ten years. The government argued that there were no mitigating circumstances to take the sentence outside of the 151 to 188 months guideline range. The government further noted that Hodge sometimes shared the home where the drugs were found with a preteen daughter and that the home was located catacorner to a school. The District Court decided to apply the 151 to 188 range and sentenced Hodge to 166 months because Hodge was not remorseful despite his repeated involvement with drugs.

## II.

We have jurisdiction over the District Court's order of judgment and conviction pursuant to 28 U.S.C. § 1291. We have jurisdiction to review Hodge's sentence for unreasonableness pursuant to 18 U.S.C. § 3742(a)(1).

Hodge first contends that the government failed to prove that he possessed over 50 grams of a mixture or substance containing cocaine base to sustain his conviction under count four. "In reviewing a jury verdict for sufficiency of the evidence, we must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which a rational trier of fact could find guilt beyond a reasonable doubt." United States v. Haywood, 363 F.3d 200, 204 n.3 (3d Cir. 2004) (internal quotations and citation omitted). "The burden on a defendant who raises a

4

challenge to the sufficiency of the evidence is extremely high." United States v. Lore, 430 F.3d 190, 203-04 (3d Cir. 2005) (internal quotations and citation omitted).

In the present case, Hodge argues that the government improperly combined the amount of cocaine base seized after his King Street arrest with the amount of cocaine base found at his home to establish count four of the indictment. Hodge's argument is without merit. During the trial, the government presented evidence that police searched his house and found 391.7 grams of cocaine base and 80.1 grams of powder cocaine in plastic bags located in the kitchen. The police also found 14.5 grams of crack cocaine in his bedroom. After reviewing the record, we find that a rational jury could find that Hodge possessed over 50 grams of cocaine base to sustain the conviction for count four.

Hodge next contends that the District Court erred by failing to consider his argument that the Guidelines impose an unjust disparity in sentences with crack cocaine and powder cocaine. During the sentencing hearing, Hodge urged the District Court to adopt the Sentencing Commission's recommendation in a policy report that the 100-to-1 quantity ratio between crack and powder cocaine be lowered. The District Court did not adopt the Sentencing Commission's recommendation.

When reviewing a district court's sentence, we must determine whether the sentence is reasonable under Booker. To be reasonable, the "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," which include the range suggested by the sentencing guidelines. United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). We then consider whether the District Court gave

5

"meaningful consideration" to the § 3553(a) factors and to "any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." Id. at 329, 332. Finally, we consider whether the District Court "reasonably applied [the § 3553(a) factors] to the circumstances of the case." Id. at 330. The party that challenges the sentence has the burden of proving that it is unreasonable. See id. at 332.

In the present case, the District Court heard arguments from the government and Hodge regarding the § 3553(a) factors. After hearing the arguments, the District Court noted that the guideline ranges are advisory and accepted the applicable guideline range of 151-188 months. The District Court sentenced Hodge to 166 months and noted that Hodge expressed no remorse for his actions and that he is a repeat offender. The court further stated that there were no mitigating circumstances in his case. After reviewing the record, we find this sentence reasonable. We make no general pronouncements here about the 100-1 crack-powder ratio or the sentencing Commission's recommendations to Congress regarding the ratio. Under Booker, the Guidelines are no longer binding positive law, and we review sentences simply for the reasonableness of the sentence imposed and the adequacy of the district court's explanation of that sentence. This is of necessity, a case-by-case inquiry. In our decisions applying Booker, we have not held, nor do we now hold, that district courts must apply the 100-1 ratio in crack cases, nor that it is per se reasonable, or unreasonable, to do so. We also have not held, nor do we hold today, that district courts must, or must not, consider the Sentencing Commission's

recommendations to Congress in their sentencing deliberations. We hold only that, on this record, the sentence imposed was reasonable and the District Court gave an adequate explanation of its reasons.

## III.

For the reasons set forth above, we will affirm Hodge's conviction and sentence.